UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN A. RHOADS,

      Plaintiff,  Case No: 1:09-cv-789

v  HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration to deny him disability insurance benefits. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court reverse the decision of the Administrative Law Judge (ALJ) rendered on behalf of the Commissioner and remand for further factual findings. The matter is presently before the Court on Defendant's objections to the Report and Recommendation. Plaintiff filed a response to the objections. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of the portions of the Report and Recommendation to which Defendant objects. The Court denies the objections and enters this Opinion and Order.

At issue is whether Plaintiff is entitled to disability benefits because he satisfies the requirements of Listing 12.05(C) ("Mental Retardation") of the Listing of Impairments. 20 C.F.R. Pt. 404 foll. § 404.1599, Subpt. P, App. 1., Listing 12.05. The Magistrate Judge determined (1) that the ALJ's rationale for rejecting Plaintiff's claim that he satisfies Listing 12.05(C) is not supported

by substantial evidence; and (2) that Plaintiff failed to carry his burden of establishing that he satisfies this particular Listing.

Defendant opines that the Magistrate Judge "focuse[d] mainly on IQ scores obtained when Plaintiff was eight years' old" (Dkt 15 at 1). Defendant argues that this first set of IQ scores cannot form the basis for remand because the scores are no longer valid (*id.* at 2). Similarly, Defendant argues that Plaintiff's third set of IQ scores, from when he was 28 years' old, is not conclusive of mental retardation (*id.* at 2-3).

The Magistrate Judge did not indicate that either Plaintiff's first or third set of IQ scores alone formed a basis for remanding this case; rather, the Magistrate Judge determined that "the record contains the results of three separate and distinct I.Q. tests, two of which satisfy Section 12.05(C)," and that "[t]he ALJ failed to provide any factually or legally sufficient basis for simply adopting the results of one of the three examinations over the other two" (Dkt 14 at 12). Although Defendant points out that the ALJ acknowledged certain medical evidence and evidence of Plaintiff's daily activities and behavior allegedly inconsistent with the IQ scores, the Magistrate Judge found that the ALJ had nonetheless not expressly resolved the factual dispute presented by the three sets of IQ scores (Dkt 14 at 12-13). Indeed, the Magistrate Judge determined that the ALJ erroneously concluded that Plaintiff does not have a physical or other mental impairment imposing an additional and significant work-related limitation of function where the ALJ concomitantly found that Plaintiff, in addition to experiencing borderline intellectual functioning, also suffers from obsessive compulsive disorder and depressive disorder (Dkt 14 at 13). In sum, the Court agrees with the Magistrate Judge that this case presents many factual issues requiring resolution in the first instance by the ALJ on remand.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 15) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 14) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is REVERSED and REMANDED for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

A Judgment will be entered consistent with this Opinion and Order.


Dated: February  16, 2011                                  /s/ Janet T. Neff
                                                           JANET T. NEFF
                                                           United States District Judge