UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN RHOADS,

       Plaintiff,                                Hon. Janet T. Neff

v.                                                    Case No. 1:09-cv-789

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff counsel's <u>Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b)</u>. (Dkt. #25). Plaintiff's counsel seeks $6,480.00 in fees. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motions be **granted**.

On October 5, 2010, the undersigned recommended that the Commissioner's decision be reversed and this matter be remanded for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g). This recommendation was subsequently adopted by the Honorable Janet T. Neff. Plaintiff was subsequently awarded disability benefits, including past-due benefits in the amount of sixty-three thousand, nine-hundred eighty-two dollars ($63,982.00). (Dkt. #25, Exhibit A).

Counsel now submits the present motion seeking an award of fees and costs pursuant to the contingent fee arrangement into which he and Plaintiff entered. (Dkt. #25, Exhibit C). According to this fee arrangement, Plaintiff agreed to pay counsel a fee equal to "twenty-five percent (25%) of the past-due benefits" if his claim was successful. *Id.* In this case, twenty-five percent of the amount Plaintiff was

awarded in past-due benefits equals fifteen-thousand, nine-hundred ninety-five dollars and fifty cents ($15,995.50). (Dkt. #25, Exhibit A).

The Social Security Act provides that "whenever a court renders a judgment favorable to a claimant...who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). Counsel is requesting $6,480.00 in fees for work performed in this Court, a request which is reasonable and consistent with his fee agreement with Plaintiff.[1] Finally, while the Court previously awarded fees and costs under the Equal Access to Justice Act (EAJA), (dkt. #23-24), no offset of this previous award is required as the EAJA fees were paid directly to Plaintiff not his attorney. *See Gisbrecht v. Commissioner of Soc. Sec.*, 535 U.S. 789, 795-96 (2002).

Accordingly, the undersigned recommends that the present motion be **granted** and that counsel be awarded $6,480.00 (six-thousand, four-hundred, eighty dollars) in fees and costs pursuant to 42 U.S.C. § 406(b).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff counsel's Motion for Award of Attorney Fee Pursuant to 42 U.S.C. § 406(b), (dkt. #25), be **granted** and counsel awarded $6,480.00 (six-thousand, four-hundred, eighty dollars) in fees and costs pursuant to 42 U.S.C. § 406(b).

---

[1] Counsel asserts that he will be seeking, in "a separate fee petition," an additional $6,000.00 in fees for work performed at the administrative level. This approach seems appropriate as fee petitions for work performed at the administrative level cannot be resolved by this Court, but must instead be approved by the Commissioner of Social Security. *See* 42 U.S.C. § 406(a).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: August 6, 2012

/s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge